Shauck, J.
The general question is whether Andrew Carter was, in view of the facts alleged, at the time of these demands, or either of them, the owner of a homestead in such sense as to preclude the allowance of an exemption in chattels in its stead.
Two propositions are made in support of the judgment below : (1) That the question is to be determined by the circumstances and the condition of the parties at the time the sheriff levied his execution upon the chattels which, though after the decree of foreclosure and the three days allowed by the terms of the decree for-the payment of the amount found due, was before the sheriff sold the homestead under the order; and (2) that Carter continued to be the owner of the homestead until confirmation of the sale thereof made by the sheriff, which was after the sale of the chattels and after the last demand of the exemption.
It is clear from the provisions of section 5440 of the Revised Statutes that out of the proceeds of the judicial sale of the homestead of the head of a family, he may receive in lieu *141 of it §500.00, unless the entire proceeds are required to pay liens which preclude such allowance. This is'true, even though, if the second proposition is sound, he continues to be the owner of the homestead until its sale is confirmed. Why he should not have the right, under the same circumstances, to demand the exemption out of any other property not subject to liens which preclude its allowance is not apparent. The foundation for the distinction claimed, not being found in the reason of the law, must be sought in its provisions.
In the view of counsel for the defendant it is found in the provision of section 5441 that the person of the prescribed social condition, who is not the owner of a homestead, “ may in lieu thereof hold exempt from levy and sale real or personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value,” etc. And it is said that the effect now claimed for this provision was given to it in Nixon v. Van Dyke, 2 O. C. C. R. 63, and Selders v. Lane, 40 Ohio St. 345. But in each of those cases the exemption in lieu of homestead was denied because the demandant was not, at the time of the levy, the head of a family — he did not belong to the class of persons in whose favor the statute created the exemption. In the case before us Carter was at the time of the execution of the mortgage, and he continues to be, the head of a family. The case of Wildermuth v. Koenig, 41 Ohio St. 180, is authority for the conclusion that one who at the time the lien of the creditor attaches is the head of a family, may acquire the right to have a homestead exempted by subsequently changing his relation to his property.
Nor does the conclusion of the court of common pleas derive support from Dwinnel v. Edwards, 23 Ohio St. 603. That case decides only that where husband and wife live together upon a homestead owned by her, neither can demand an allowance in lieu of homestead, though he may own none.
Remembering that Carter is clearly within the class of persons to whom the statute allows the exemption, and that the *142 statute is to be liberally construed in his favor, it seems rather technical to say that he was the owner of a homestead after his homestead had been sold by the sheriff pursuant to the order of-the court. Certainly his right to redeem continued until the sale was confirmed. But the right in one to redeem is the right to l’e-purchase that which formerly belonged to him. In strictness it implies that his title has passed to another, although he may still have a right in respect to the property in virtue of his former ownership. As to him, the order of confirmation had no other effect than to establish the regularity of the proceedings and to end his right to redeem. It related back to the sale made before his last demand, and gave to it a conclusive effect. When the sheriff’s deed was finally executed, it, by relation, took effect as of the day of the sale, and divested Carter of all the interest he then had. Lessee of Boyd v. Longworth, 11 Ohio, 252.
Edmond B. Dillon, for plaintiff in error.

L. J. Critchfield, contra.

In Bartram v. McCracken, 41 Ohio St. 377, it is determined that although the homestead of a debtor is incumbered beyond its value, he cannot demand an allowance in its stead; because the statute does not charge the sheriff with the duty of ascertaining the existence, validity and amounts of such liens. In the case before us, prior to the levy on the chattels demanded, the court of common pleas had ascertained the amount of the lien, and the premises had been appraised at an amount less than the lien so found.
Sections 5440 and 5441, of the Revised Statutes, relate to the same subject. They make provisions for the protection of families out of the property the heads of families. We think they wax’rant the demand made in this case, when construed by the liberal rules stated and applied in Comer v. Dodson, 22 Ohio St. 615; McConville v. Lee, 31 Ohio St. 447, and Sears v. Hanks, 14 Ohio St. 298.
The judgment will be x-evei’sed and the demurrer overruled.